IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| STEPHEN E. LEE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | CIVIL ACTION NO. |
| ) | 3:03cv412-MHT |
| UNITED STATES OF AMERICA ) | (WO) |
| and CENTRAL ALABAMA ) | |
| VETERANS HEALTH ) | |
| CARE SYSTEM, ) | |
| ) | |
|     Defendants. ) | |

OPINION

Plaintiff Stephen Lee filed this suit against defendants United States of America and Central Alabama Veterans Health Care System, asserting false arrest, false imprisonment, and malicious prosecution under the Federal Tort Claims Act ("FTCA") 28 U.S.C.. §§ 1346(b), 2401, 2671-2680.[1]  Jurisdiction is proper under 28 U.S.C.

---

1. Billy Mason, Beverly Watson, and Allen Franklin, who are employees of the Central Alabama Veterans Health Care System, were also defendants but were dismissed.  In addition, Lee's wrongful-extradition and medical-neglect claims were dismissed.

§§ 1331 (federal claims) and 1346(b) (federal tort claims).  This case is currently before the court on the defendants' motion for summary judgment.[2]  For the reasons that follow, the motion will be granted.

## I. SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary

---

   2.  The defendants actually filed a motion to dismiss and an alternative motion for summary judgment.  Because the parties have submitted materials outside the pleadings and the court has considered such materials, the court is considering only the government's motion for summary judgment.  Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982); Kachler v. Taylor, 849 F. Supp. 1503, 1507 n.3 (M.D. Ala. 1994) (Thompson, J.).

judgment would not be proper. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993) (discussing burden-shifting under Rule 56). The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials in the pleadings. Fed. R. Civ. P. 56(e).

The court's role at the summary-judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. FACTUAL BACKGROUND

What follows is Lee's version of the facts in this case.  On September 22, 2000, while a patient at the Central Alabama Veterans Health Care System, Lee was arrested by Veterans Administration police officers for assault.  Lee was indicted on September 26, but a jury acquitted him on April 17, 2001.

The Department of Veterans Affairs received a complaint from Lee on March 4, 2003, asserting wrongful arrest and imprisonment and seeking damages.  The department denied Lee's claim.

On June 30, Lee filed a request for reconsideration that included a malicious-prosecution claim.  On November 20, the department again denied Lee's claim.

Lee filed the instant lawsuit on April 16, 2003.

III.  DISCUSSION

A. False Arrest and False Imprisonment[3]

The defendants are entitled to summary judgment on the false-arrest and false-imprisonment claims because they are subsumed by Lee's malicious-prosecution claim. Under the FTCA, liability is determined "in accordance with the law of the place," or in other words, the state law "where the act or omission occurred." 28 U.S.C. § 1346(b)(1); F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1995); Lawrence v. Dunbar, 919 F.2d 1525, 1528 (11th Cir. 1990) (per curiam). Alabama state tort law precludes Lee's false-arrest and false-imprisonment charges because when, as is the case here, the plaintiff is arrested "pursuant to a warrant issued by a lawfully authorized person, neither the arrest nor the subsequent imprisonment is 'false,' and as a consequence, the complaining party's actions must be one for malicious prosecution." Goodwin

---

3.  The parties have agreed that, although originally plead separately, the false-arrest and false-imprisonment claims are synonymous.

5

v. Barry Miller Chevrolet, 543 So.2d 1171, 1176 (Ala. 1989) (quoting Blake v. Williams, 361 So.2d 376, 378 (Ala.Civ.App. 1978). Lee was arrested based on a warrant issued by a magistrate judge. There is no evidence suggesting that the magistrate judge was not authorized to issue the warrant.

(B) Malicious Prosecution

To establish a claim for malicious prosecution Lee must show that: (1) a judicial proceeding was initiated by the defendant against the plaintiff, (2) without probable cause (3) and with malice, (4) which terminated in plaintiff's favor and (5) was a proximate cause of damage suffered by the plaintiff. Smith v. Wendy's of the South, 503 So.2d 843, 844 (Ala. 1978). The only disputed issues are whether the proceeding was instituted without probable cause and with malice.

Probable cause exists where the facts known to the prosecutor "would lead a man of ordinary caution and

6

prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty," or put differently, where the "facts and circumstances within [the police officer's] knowledge... are reasonably trustworthy and... would lead a prudent man to believe that the accused committed or was committing an offense." Lee v. Minute Stop, Inc., 874 So.2d 505, 511, 516 (Ala. 2003) (internal citations omitted). The critical inquiry for probable-cause purposes is not whether the malicious-prosecution plaintiff was guilty of the offense charged, but whether the defendant acted in good faith. Ford New Holland, Inc., v. Beatty, 602 So.2d 1198, 1202 (Ala. 1992). The existence of probable cause is not to be judged based on hindsight; it "is to be judged in light of the facts as they appeared when the underlying action was filed." Fina Oil & Chem. Co. v. Hood, 621 So.2d 253, 257 (Ala. 1993).

A grand-jury indictment is prima-facie evidence of probable cause and serves as a defense to an action for

malicious prosecution unless there is evidence that the indictment was induced by fraud, subornation, suppression of testimony, or other like misconduct on the part of the party seeking the indictment. Riley v. City of Montgomery, 104 F.3d 1247, 1254 (11th Cir. 1997); Lumpkin v. Cofield, 536 So.2d 62, 64 (Ala. 1988). Lee has presented no evidence establishing misconduct during the grand-jury indictment. Consequently, the grand-jury indictment suffices to establish probable cause to institute the prosecution against Lee.

The court need not reach the malice inquiry because "when probable cause exists, proof of the highest degree of malice gains the plaintiff nothing." Willis v. Parker, 814 So.2d 857, 863 (Ala. 2001).[4]

***

---

[4]. The Central Alabama Veterans Health Care System is also due to be dismissed because the United States rather than the federal agency is the proper party under the FTCA. Hunt v. Dep't of the Air Force, 29 F.3d 583, 587 (11th Cir. 1994) (citing 28 U.S.C. § 2679).

For the foregoing reasons, the court concludes that summary judgment is due to be granted on Lee's FTCA claims.  An appropriate judgment will be entered.

DONE, this the 24th day of September, 2007.

                                             /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**