IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| STEPHEN EVERETT LEE,           ) | |
| ) | |
|     Plaintiff,                 ) | |
| ) | |
|     v.                         ) | CIVIL ACTION NO. |
| ) | 3:03cv412-MHT |
| UNITED STATES OF AMERICA,      ) | (WO) |
| et al.,                        ) | |
| ) | |
|     Defendants.                ) | |

## OPINION AND ORDER

Plaintiff Stephen Everett Lee moves for an extension of time that would allow him to file a notice of appeal from the summary-judgment order, entered on September 24, 2007, in favor of defendants United States of America and Central Alabama Veterans Healthcare System.  For the reasons that follow, this motion will be granted.

Two preconditions must be met before a court may extend the time allowed for a party to file a notice of appeal.  Fed. R. App. P. 4(a)(5)(A).  First, the party must "so move[] no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P.

4(a)(5)(A)(i). And, second, the party must show "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).

Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Lee originally had 60 days to file his notice of appeal; that period expired on November 26.[1] Lee's motion to extend was filed on November 27, which falls well within the 30-day window dictated in Rule 4(a)(5)(A), and, thereby, satisfies the first precondition.

The second precondition is also met; that is, Lee has shown "excusable neglect," justifying failure to file a timely notice of appeal. In Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993), the United States Supreme Court interpreted the phrase

---

1. The last day of the 60-day period actually landed on November 24, 2007. However, November 24 was a Saturday, and, under Fed. R. Civ. P. 6 (a)(3), if the last day of a period is a Saturday, that day is excluded and "the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible."

2

"excusable neglect," albeit as used in the procedural rule that authorizes bankruptcy courts to accept late filings. The Eleventh Circuit Court of Appeals has concluded that the interpretation in Pioneer applies in the context of Rule 4(a)(5) as well. Advanced Estimating System, Inc. v. Riney, 77 F.3d 1322, 1324-25 (11th Cir. 1996).[2]

Pioneer urges courts to "tak[e] account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the

---

2. Other courts of appeals have reached the same conclusion about the reach of Pioneer: Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996); Fink v. Union Cent. Life Ins. Co., 65 F.3d 722, 724 (8th Cir. 1995); City of Chanute, Kansas v. Williams Nat. Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994); Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir. 1994).

movant, and whether the movant acted in good faith." 507 U.S. at 395.

Here, Lee filed an extension motion <u>one day</u> after he was required to file his notice of appeal, the shortest possible length of delay. As for the danger of prejudice to the non-movant, the defendants concede there is none here. This court entered an order on November 29, 2007, requesting that the defendants show cause, if there be any, by December 14, 2007, as to why Lee's motion should not be granted. The defendants filed no such response, and their counsel later orally informed the court that the defendants saw no reason why the motion should not be granted.

The conclusion that excusable neglect is present is also bolstered by the fact that Lee's delay was caused, in part, by his attorney's withdrawal from this case after this court entered judgment in favor of the defendants. <u>See</u> <u>Tuley v. Heyd,</u> 492 F.2d 788, 789 (1974) (allowing an appellant to file an untimely "request [to]

the district court to extend the time for appeal on the grounds of excusable neglect" when the attorney of record withdrew from the case three days before the notice of appeal was due).

In sum, given the short length of the delay; the government's decision not to oppose the extension motion; and the withdrawal of the litigant's attorney near the time that the notice of appeal was due, excusable neglect is present.  Lee will be provided additional time to file a notice of appeal.

It is therefore ORDERED as follows:

(1) Plaintiff Stephen Everett Lee's motion for extension of time (doc. no. 93) is granted.

(2) Plaintiff Lee is allowed until February 4, 2008, to file a notice of appeal.

DONE, this the 3rd day of January, 2008.

                                /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**